## JOHN R. BECKLEY *v.* JOHN F. DAVIS.

**Collection of Taxes—Statute of Limitations—Ex-Sheriff's Rights.**

> Where a sheriff has failed in his duty to collect taxes and has been held accountable therefor, he has a right of action against the tax-payer to reimburse him for taxes advanced, but must begin such action within five years after the expiration of his term of office or the action will be barred by the statute of limitations.

### APPEAL FROM SHELBY CIRCUIT COURT.

#### September 29, 1876.

OPINION BY JUDGE COFER:

The appellant was sheriff of Shelby county, and as such had in his hands for collection state taxes assessed against the property of Mrs. Juliette White for the years 1867 and 1868, amounting to the sum of $59.67. He resigned his office in August, 1870, and in June, 1875, gave to the appellee the notice authorized by Sec. 1, Art. 9, Chap. 92, General Statutes.

The appellant appeared in the county court, and objected to the proceeding on the ground that Mrs. White had not been notified. His objection was overruled, and judgment rendered against him for the amount of taxes claimed. From that judgment he appealed to the circuit court. The circuit court affirmed the judgment and he has appealed to this court.

The first objection taken is that Mrs. White was a necessary party. It is conceded that she is and was then a non-resident of this state. The statute authorizing the proceeding only requires notice to be given to the taxpayer when he or she is a resident of the county where the proceeding is had. There is, therefore, nothing in that statute entitling Mrs. White to notice.

But it is claimed that this was a proceeding to subject her money

to the appellant's claim, and that that can only be done after citation and opportunity to defend. Citation and opportunity to defend are ordinarily indispensable to the validity of judicial proceedings, but we incline to the opinion that the levy and collection of taxes is an exception to that rule. The appellee might have seized and sold Mrs. White's property, if any had been found, without any sort of notice to her, and the proceeding authorized by the statute is only another mode of reaching and subjecting her property to the satisfaction of the taxes due the state, or to a collecting officer who had already accounted to the state therefor.

It is next objected that the proceeding is barred by the statute of limitations. The statute provides (Sec. 11, Art. 9, Chap. 92, General Statutes) that representatives shall have the same powers, for five years after the expiration of their term of office, to collect any arrears of revenue which fell due during their official term, and for which they are and were responsible, as they had before the expiration of their term of office. The taxes sought to be collected by this proceeding accrued in 1867-8, and fell due during his official term ending January 1, 1867. This proceeding was therefore commenced more than five years after the expiration of appellee's term of office during which the taxes fell due, and the proceeding cannot be maintained under the section last cited.

But counsel for the appellee insist that it may be supported under the provisions of section 2 of an act entitled "An Act for the benefit of the late clerks, sheriffs, jailers, and other civil officers of this commonwealth having uncollected fee bills." Approved January 19, 1870. The second section of that act gave further time of one year from February 12, 1871, to collect uncollected taxes due to late sheriffs and other collecting officers, and by a similar act entitled "An Act to amend an act for the benefit of late clerks, sheriffs, jailers, and other civil officers of this commonwealth having uncollected fee bills," approved March 21, 1871, further time of two years from the first of April, 1871, was given to sheriffs and other officers to collect uncollected taxes due them; and an act entitled "An Act to extend and re-enact an act, entitled an act for the benefit of the late clerks, sheriffs, jailers, and other civil officers of this commonwealth having uncollected fee bills," approved February 24, 1874 (Acts 1873-4, p. 69), re-enacted and continued in force the act of March 21, 1871, for two years.

The extension given by the latter act extended to February 23, 1876, and as this proceeding was commenced in June, 1875, the

terms of that act embrace the taxes sought to be collected in this proceeding, and if that act is constitutional the proceedings are not barred. But it is contended for the appellant that the title of the act is insufficient, and that so much of the statute as relates to uncollected taxes is unconstitutional.

The act of February 23, 1874, simply re-enacts and continues in force for two years the act of March 21, 1871, and as the titles of both acts are the same, the real question for decision is whether the title of the act of 1871 is sufficient to embrace the subject of the second section, viz., uncollected taxes. If the title had been "An Act for the benefit of late sheriffs," etc., "of this commonwealth," it may be that it would have been sufficient to sustain the provisions respecting both uncollected fee bills and taxes; but the addition of the words "having uncollected fee bills" would indicate that only those having such fee bills were included, and that uncollected fee bills alone were to be legislated about.

We are therefore of the opinion that the second section of the act of March 21, 1871, is unconstitutional and void.

The judgment is therefore *reversed,* and the cause is remanded with directions to dismiss the proceeding.

*Bullock & Beckham, for appellant.*

*Caldwell & Harwood, for appellee.*

